557 F.2d 570
 15 Fair Empl.Prac.Cas. 362, 14 Empl. Prac.
Dec. P 7665
Lawrence BROWN, on Behalf of Himself and All Persons
Similarly Situated, Plaintiff-Appellant,
v.
RALSTON PURINA COMPANY, Defendant-Appellee.
 No. 75-1803.
 United States Court of Appeals,
Sixth Circuit.
 Argued Jan. 31, 1977.
Decided June 27, 1977.
 
 Lawrence Brown, pro se.
 John L. Warner, Jr., Union City, Tenn., Donald W. Rupprecht, John M. Schobel, St. Louis, Mo., for appellee.
 Before PHILLIPS, Chief Judge, EDWARDS and PECK, Circuit Judges.
 EDWARDS, Circuit Judge.
 
 
 1
 Appellant Lawrence Brown, a black former employee of appellee Ralston Purina Company, filed a complaint on behalf of himself and a class of employees similarly situated, alleging violation of rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1970), as amended, (Supp. V, 1975). The complaint claimed that Brown had been discharged and the members of the class had been discriminated against in appellee's employment policies because of their race, color and religion.
 
 
 2
 Counsel for plaintiff and the plaintiff class undertook extensive pretrial investigation and filed 100 interrogatories to which defendant Ralston Purina replied. Subsequently a consent decree applicable to the class action (but not to appellant Brown) was entered providing for nondiscriminatory employment practices and some affirmative hiring action.
 
 
 3
 Appellant Brown's case was tried to the court. The District Judge entered findings of fact that appellant had "failed to prove that his discharge was due to anything other than normal company policy and failed to prove that the discharge was retaliatory in its nature, nor (sic) discriminatory insofar as plaintiff's race was concerned." The District Judge dismissed appellant's individual complaint and subsequently denied his motion for a transcript at government expense.
 
 
 4
 Appellant filed a notice of appeal and a pro se brief and appeared and argued his case orally pro se somewhat more effectively than he had briefed it. This court thereupon ordered preparation of a trial transcript at government expense and ordered that the trial exhibits and records be forwarded.
 
 
 5
 We have now carefully examined both the record of the hearing on appellant's motion for preliminary injunctive relief (to restrain his discharge) and the record of the trial itself. It is clear from the testimony of appellant himself, as well as that of his supervisors, that he was laid off once and discharged twice. The stated reasons were his failure to appear for work in the first two instances, and in the third instance, his leaving work without notifying the foreman. After the first discharge resulted in a union grievance which was processed by appellant's union, negotiations revealed that in place of missing work six days out of nineteen, he had missed four out of nineteen. He was then returned to work at a lower status, with a two-week loss of pay and with a warning. On being assigned to work on a Saturday some weeks later, appellant clocked off the job before completion of his shift without notifying the foreman. He testified that he left after finishing his assigned work because he had got some ammonia in his eye and he did not notify the foreman because he could not find him. The two foremen concerned testified that he had left undone work necessary for the start of the Monday morning shift and that the foreman who was assigned to supervise him was available on the premises.
 
 
 6
 The argument over who was right or wrong about these matters is familiar to the work place, but, absent federally prohibited discrimination, it is entirely outside of the jurisdiction of the United States Courts. We have examined it, of course, because it is appellant's claim that his absences were mere pretexts for discriminatory discharges because of his race or religion, or his lawful efforts to protect his rights. See 42 U.S.C. § 2000e-3(a) (1970), as amended, (Supp. V, 1975):
 
 
 7
 (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. Id.
 
 
 8
 As to the claim of race discrimination, it is clear from this record that the majority of the skilled, semiskilled and unskilled employees are of the same race as appellant. The plant manager testified that in the general period of appellant's difficulty, two white employees were also discharged because of unauthorized absences. As to the claim of religious discrimination, we find no assertion that appellant was ever ordered to work on any day which was sacred to his religion.
 
 
 9
 Finally, appellant also urged upon the District Court, and urges upon this court, that the company found out that he had initiated an NAACP complaint with the EEOC and his two discharges followed. The relevant company witnesses all denied any knowledge of the EEOC complaint until after the final discharge. The exhibits at trial showed that appellant's first disciplinary layoff occurred November 27, 1973, before the NAACP complaint to the EEOC dated December 5, 1973, and that the EEOC notice of complaint to the company was dated May 29, 1974, long after the final discharge on February 12, 1974. While this evidence does not completely rebut appellant's suspicion, it is also true that an EEOC complaint creates no right on the part of an employee to miss work, fail to perform assigned work, or leave work without notice. See Hochstadt v. Worcester Foundation for Experimental Biology, 545 F.2d 222, 230-31 (1st Cir. 1976); Garrett v. Mobil Oil Corp., 531 F.2d 892, 895-96 (8th Cir.), cert. denied, 429 U.S. 848, 97 S.Ct. 135, 50 L.Ed.2d 121 (1976). See generally McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
 
 
 10
 This record shows that appellant was represented by industrious counsel who tried the case competently on his behalf. The hearings were conducted fairly and courteously by the District Judge. The transcript of the two hearings simply affords no basis for our holding that the findings of fact of the District Judge are clearly erroneous or that appellant's cause has been prejudiced by any error of law.
 
 
 11
 The judgment of the District Court is affirmed.